

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 0 7 2003

Michael N. Milby
Clerk of Court

SAMUEL ROBERTO LONGORIA §
    Plaintiff §
     §
     §
VS. §
     §  CIVIL ACTION NO. **B-03-203**
     §
GREGORY HAMMOND D/B/A §
HAMMOND TRUCKING AND §
MELVIN JEAN COOK §
    Defendants §
     §
     §

## DEFENDANT'S NOTICE OF REMOVAL

Defendant files this notice of removal under 28 U.S.C. § 1446(a).

### A. Introduction

1. SAMUEL ROBERTO LONGORIA is plaintiff. GREGORY HAMMOND D/B/A

HAMMOND TRUCKING AND MELVIN JEAN COOK are defendants.

2. On October 2, 2003, plaintiff sued defendants for negligence, in the 404th Judicial

District Court of Cameron County, Texas.

3. Defendant GREGORY HAMMOND D/B/A HAMMOND TRUCKING was served

with notice of suit on October 10, 2003. Defendant MELVIN JEAN COOK has not been

served. Defendant GREGORY HAMMOND D/B/A HAMMOND TRUCKING filed this

notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### B. Basis for Removal

4. Removal is proper because there is complete diversity between the parties. 28

U.S.C. § 1332(a); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Plaintiff is a

1

citizen of Cameron County, Texas[1]. The defendants are not citizens of Texas. Defendants are citizens of Virginia. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees. In Plaintiff's Original Petition filed in state court, Plaintiff has not specified an amount of actual damages, but has identified Plaintiff's injuries as being extensive.

5. All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).

6. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

7. Defendant will file promptly a copy of this notice of removal with the clerk of the state court in which the action has been pending.

### C.  Conclusion

WHEREFORE, premises considered, Defendant prays that his case be removed from the 404th Judicial District Court of Cameron County, Texas to this court because there exists complete diversity between the parties.

---

[1]Defendant believes Plaintiff is a citizen of Cameron County, Texas; however, Plaintiff's Original Petition is silent as to his residence.  It only states that Plaintiff is a resident of Texas.

2

Respectfully submitted,

SKAGGS & GONZALES, LLP
710 Laurel
McAllen, TX 78501
(956) 687-8203 — Telephone
(956) 630-6570 — Telecopier

By: _____

**LYNSE S. LARANCE**
Federal I. D. No. 31319
Texas State Bar No. 24032533
**ATTORNEY IN CHARGE
FOR DEFENDANT
GREGORY HAMMOND D/B/A
HAMMOND TRUCKING**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to all counsel of record on this 7th day of November, 2003, to-wit:

David A. Sanchez
Law Office of Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, TX 78520
(VIA CM/RRR)

_____
LYNSE S. LARANCE

3

**COPY**

T-988   P.005   F-120
AURORA DE LA GARZA DIST CLERK

OCT 0 2 2003

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE NO. 2003-10-4911-C

| | | |
|---|---|---|
| SAMUEL ROBERTO LONGORIA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CAMERON COUNTY, TEXAS |
| GREGORY HAMMOND, D/B/A | § | |
| HAMMOND TRUCKING, AND MELVIN | § | |
| JEAN COOK | § | |
| | | |
| Defendants. | | 404th JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Samuel R. Longoria files this Plaintiff's Original Petition, complaining of

Melvin J. Cook and Gregory S. Hammond, Defendants. For cause of action, Plaintiff would

show the Honorable Court as follows:

**I.**

**DISCOVERY CONTROL PLAN**

Plaintiff intends to conduct discovery pursuant to a level two discovery control plan.

**II.**

**ATTACHED DISCOVERY**

Along with this Petition, Plaintiff has served upon Defendants Requests for Disclosure, along

with Interrogatories and Requests for Production. The responses to these discovery requests are due

50 days after service of this petition. If an additional copy of this discovery is needed, please contact

Plaintiffs' counsel at (956) 541-4981.

"A"

III.

## PARTIES

Plaintiff Samuel R. Longoria is an individual residing in Texas.

Defendant Melvin J. Cook is an individual and may be served with process at 1075 Tiger Drive, Goodview, VA 24095.

Defendant Gregory S. Hammond is an individual and may be served with process at 1916 Underhill Ave., Roanoke, VA 24014.

IV.

## FACTS

On or about July 29, 2003, Melvin J. Cook while in the course and scope of his employment for Gregory S. Hammond was driving west on Expressway 83 in San Benito, Texas. Melvin J. Cook made an unsafe lane change and caused contact with the vehicle driven by Samuel Longoria causing his vehicle to go ff the roadway and collide with a guardrail thereby causing Mr. Longoria severe injuries.

V.

## CAUSE OF ACTION

Defendants were negligent in the acts and/or omissions described above. As a direct and proximate cause of said negligence, Plaintiff suffered injuries and damages.

VI.

## DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against

Defendants, jointly and severally, for actual damages, together with prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

Michael R. Cowen, P.C.
Law Office of Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, TX 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

By: _____

David A. Sanchez
Texas Bar No. 240113451
Michael R. Cowen
Texas Bar No. 00795306
Conrad Bodden
Texas Bar No. 00796220

**EXHIBIT A**

CAUSE NO. _____

| | | |
|---|---|---|
| SAMUEL ROBERTO LONGORIA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CAMERON COUNTY, TEXAS |
| GREGORY HAMMOND, D/B/A | § | |
| HAMMOND TRUCKING, AND MELVIN | § | |
| JEAN COOK | § | |
| Defendants. | | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION TO DEFENDANT GREGORY HAMMOND**

To: Defendant, Gregory Hammond:

Plaintiff pursuant to Tex. R. Civ. Procedure 196 and 197 propound the attached Interrogatories and Requests for Production to be produced by Defendant, Melvin J. Cook, within fifty (50) days from the date of service thereof. Plaintiff also requests that the Defendant continue to supplement his responses to this Interrogatories and Requests for Production as provided for by the Rules.

Pursuant to the Rules, you are requested to separately identify each item which will be produced pursuant to these Requests for Production with a separate and distinct number or identifying designation, to file your written response to these Requests, stating with regard to each Request, the identification or exhibit number of the specific items being produced in response to each such Request. Items which are required to be produced in response to more than one Request may be listed by number in response to each such Request, but the item itself need only be produced one time. All items to be produced are to be forwarded to the undersigned attorney for Plaintiff attached to or together with your written response.

Respectfully submitted,

Michael R. Cowen, P.C.
520 E. Levee
Brownsville, TX 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

By:_____

David A. Sanchez
Texas Bar No. 24013451
Michael R. Cowen
Texas Bar No. 00795306
Conrad Bodden
Texas Bar No. 00796220

## INTERROGATORIES

1.   Please state, in detail, how you contend the collision in question occurred.

RESPONSE:


2.   Please state the positions held, general job descriptions, and lengths of employment of Melvin J. Cook at the time of the collision in question.

RESPONSE:


3.   Please state the full extent of any training, education, or experience concerning driving techniques or principles Melvin J. Cook has received while employed by you.

RESPONSE:


4.   Please state the name, address, and telephone number of any person who you may call to testify at trial, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

RESPONSE:


5.   If you are contending that Melvin J. Cook was not acting in the course and scope of employment for you at the time of the collision, please state exactly why you are making such contention.

RESPONSE:


6.   If the vehicle driven by Melvin J. Cook that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

7.    Please list all traffic accidents in which Melvin J. Cook has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

8.    Please give a description of all traffic violations for which Melvin J. Cook has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

9.    Please state whether or not, in the two years prior to, or since, July 29, 2003, there have been any repairs, changes or modifications performed upon any of the vehicles (including trailers) owned by Defendant which were involved in the collision in question. If so, please describe the full extent of any such repairs, changes or modifications, when they took place, who performed the work and when it was done.  (Please differentiate between the truck and trailer).

RESPONSE:

10.    Describe the manner in which you compensate drivers and the manner in which  Melvin J. Cook was compensated, if different from your general policy.

RESPONSE:

11.    Describe your company's policy with respect to retention of driver's logs and receipts from trips.

RESPONSE:

12.    With respect to collisions or accidents involving one of your trucks and/or a driver employed by you or under contract with you, please state:

        a.    When the driver is required to make a report and to whom;

b.     A description of any written report required to be made by any person with your company and/or the driver;

c.     Where and in whose custody such reports are kept;

d.     When a driver must submit for a drug test by giving a urine sample; and

e.     When such report must be reported to the federal government.

RESPONSE:


13.    Please describe the route that Melvin J. Cook had driven for the 72 hours prior to the collision in question, including the time he left and arrived at each point along the route.

RESPONSE:


14.    Please state when Melvin J. Cook rested and/or slept during the 72 hours prior to the collision in question.

RESPONSE:


15.    Did Melvin J. Cook receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If he paid the ticket, did he plead guilty? What court did he have to appear in or call to resolve the citation or ticket?

RESPONSE:


16.    What is your net worth?

RESPONSE:


17.    Do you contend that someone other than Melvin J. Cook (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck on July 29, 2003? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

ANSWER:

18.  Please list those expert witnesses (if any) identified by plaintiff whom you contend are not qualified to render opinions under the standards set forth in *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Supreme Court of Texas which you contend extends the holdings of *Robinson*. Please state the basis of your contention that they are not qualified.

ANSWER:


19.  If you contend that any opinion rendered by any expert identified by plaintiff is not "reliable" within the meaning of *Robinson v. E.I. DuPont de Nemours*, 923 S.W.2d 549 (Tex. 1995), or in any subsequent opinion by the Supreme Court of Texas which you contend extends the holdings of *Robinson*, please state the substance of that opinion and describe the basis for your contention.

ANSWER:


20.  Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck on July 29, 2003? What facts gave rise to your subjective relief?

RESPONSE:

## REQUESTS FOR PRODUCTION

1.   Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

2.   Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

3.   Any and all photographs of the scene of the collision in question.

4.   Any and all photographs that you intend to use at trial.

5.   All correspondence and other documents sent to any expert.

6.   All correspondence and other documents received from any expert.

7.   Any and all photographs, videotapes or other depictions of Plaintiff.

8.   Any and all photographs, videotapes or other depictions of, Melvin J. Cook.

9.   Any and all witness statements.

10.  Any and all statements from Plaintiff.

11.  Any and all statements from Melvin J. Cook.

12.  Any and all documents related to Melvin J. Cook's employment as a truck driver for the year prior to the collision in question, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show Melvin J. Cook's trip movements for that period.

13.  Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle. The records requested are for both the tractor and trailer involved in the collision in question.

14.  Any and all documents relating to safety procedures and emergency procedures or manuals concerning the operation, maintenance and repair of any semi-tractor or trailer in your company drafted or in use in the past 10 years. This request includes, but is not limited to, operations manuals, safety manuals, employee manuals, directions for use of equipment, and all inter-company and intra-company memoranda or correspondence regarding safety and emergency procedures.

15.    Produce any and all documents relating to any investigation, citation or compliance review of your company conducted by the Department of Transportation or any other governmental agency.

16.    Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Melvin J. Cook relating to his employment with your company.

18.    Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs or Melvin J. Cook, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

19.    Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

20.    Any written, taped or mechanically reproduced statement heretofore made of Plaintiffs and/or Melvin J. Cook.

21.    Any records or documentation (medical or non-medical) concerning Melvin J. Cook that would indicate whether Melvin J. Cook was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

22.    Any records or documentation (medical or non-medical) concerning Melvin J. Cook that would indicate that Melvin J. Cook had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

23.    Any records or documentation (medical or non-medical) that would indicate that Melvin J. Cook was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

24.    A photostatic copy of the front and back of Melvin J. Cook current driver's license.

25.    With respect to the truck/tractor involved in the collision in question, please provide the following:

        a.    All maintenance reports and records;
        b.    All repair orders;

  c. Purchase, regulation and title information;
  d. Documents reflecting repair expenditures;
  e. All trip reports and log books;
  f. All records indicating the vehicle in question was involved in any type of collision;
  g. All records indicating the vehicle in question suffered damage for any reason;
  h. If you have a "truck," "vehicle" or similar file pertaining to this vehicle, please produce the entire file;
  i. Any documents, records or other data from any GPS system used to keep track of vehicles, which relates to this vehicle.

26. With respect to the trailer involved in the collision in question, please provide the following:

  a. All maintenance reports and records;
  b. All repair orders;
  c. Purchase, regulation and title information;
  d. Documents reflecting repair expenditures;
  e. All trip reports and log books;
  f. All records indicating the vehicle in question was involved in any type of collision;
  g. All records indicating the vehicle in question suffered damage for any reason;
  h. If you have a "truck," "vehicle" or similar file pertaining to this vehicle, please produce the entire file;
  i. Any documents, records or other data from any GPS system used to keep track of vehicles, which relates to this vehicle.

27. A copy of any company vehicle use records for the sixty (60) days preceding and including the date of the collision in question.

28. All employment records concerning Melvin J. Cook, including but not limited to the complete personnel file, medical records, driving records and the following:

  a. Annual review of driving records;
  b. Application for employment;
  c. Responses from state agencies, federal agencies and past employers regarding Melvin J. Cook riving record;
  d. All Road Test records relating to Melvin J. Cook, including but not limited to certificates of a road test (issued under Part 391.31(e) of the Federal Motor Carrier Safety Regulations ["FMCSR"]) and/or a copy of the license or certificate that you have accepted as an equivalent (in accordance with Part 391.33 FMCSR).
  e. All medical examiners' certificates relating to Melvin J. Cook;

f.   List of driver's violations;

g.   Any accident reports, including but not limited to, an accident register listing all DOT reportable preventable accidents;

h.   Any documents relating to any type of drug use by Melvin J. Cook;

i.   If a physical waiver has been granted, a letter from the Regional Director of Motor Carriers approving the waiver;

j.   Any note or other record showing when and who reviewed a driver's record with;

k.   A list or certificate showing all violations of motor vehicle laws and ordinances;

l.   Responses from any state agencies, federal agencies, and employers to your inquiries about Melvin J. Cook employment and driving records;

m.   Any records or documents of pre-employment and random drug and/or alcohol tests;

n.   All records of duty status (including but not limited to logs), as outlined in Part 395 of the FMCSR;

o.   The complete Driver Qualifications file for Melvin J. Cook;

p.   The complete Employment File of Melvin J. Cook.

29.   Any documentation concerning Melvin J. Cook involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance;

30.   All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Melvin J. Cook at the time of the collision in question.

31.   All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Melvin J. Cook was an unsafe driver.

32.   All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

33.   Any written, taped, or mechanically reproduced/recorded statements, testimony or videotape of any person named in responsive discovery of any party either as someone with knowledge of relevant facts or as an expert.

34.   Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance, following, eavesdropping; or interviewing persons) of Plaintiffs or of any persons named in responsive discovery by any party as someone with knowledge of relevant facts or as an expert that was performed by, for, or on behalf of Defendant, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claim of Plaintiffs as

outlined in Plaintiffs' latest original or amended pleadings on file that were prepared before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

35. Please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that were prepared by or received by you, your agents, servants, employees, or representatives (including but not limited to insurance carriers, adjusting companies or investigators) before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case which reflect the following:

a. Whether Plaintiffs actually received or did not receive an injury as claimed in the latest original or amended pleadings on file;

b. The extent or duration of Plaintiffs' claimed physical or mental incapacity/injury, including any restrictions or lack of restrictions;

c. Plaintiffs' physical or mental condition before of after the collision in question;

d. The earning capacity of Plaintiffs before or after the collision in question;

e. Plaintiffs' ability or inability to work before or after the date of the collision in question;

f. Any indemnity reserve relating to the claimed injury of Plaintiffs;

g. Any investigation performed on behalf of Defendant concerning Plaintiffs, including but not limited to photographs, recorded statements, videotapes, background, criminal or credit records checks, surveillance, following, eavesdropping or interviewing persons;

h. Any advance payments made to Plaintiffs;

i. Evaluations or analyses of the character or personality of Plaintiffs, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;

j. Evaluations or analyses of Plaintiffs and Plaintiffs' legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal experience, skills or expertise;

k. The settlement or potential judgment of this case;

l. Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party;

m. Whether some person, party or entity other than Defendant caused or contributed to the occurrence in question.

36. If you contend that you had a good faith belief to reasonably anticipate that there was a

substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

37. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiffs.

38. Any and all documents that show the net worth of Gregory S. Hammond.

39. Any insurance policies or benefit plans that may provide, or have provided, benefits to Samuel R. Longoria as a result of the collision in question.

41. Any insurance policies that provide, or may provide, coverage for the collision in question.

42. Any reservation of rights letters or non-waiver agreements.

43. Any cell phone bills that would show whether or not Melvin J. Cook was using a cell phone on July 29, 2003. This request includes, but is not limited to, cell phone bills for the day of the wreck.

**EXHIBIT B**

CAUSE NO.

| | | |
|---|---|---|
| SAMUEL ROBERTO LONGORIA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CAMERON COUNTY, TEXAS |
| GREGORY HAMMOND, D/B/A | § | |
| HAMMOND TRUCKING, AND MELVIN | § | |
| JEAN COOK | § | |
| Defendants. | | _____, JUDICIAL DISTRICT |

## REQUEST FOR DISCLOSURE TO GREGORY S. HAMMOND

To:    Defendant, Gregory S. Hammond:

In accordance with Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

Michael R. Cowen, P.C.
520 E. Levee
Brownsville, TX 78520
Telephone: (956) 541-4981
Facsimile: (956) 504-3674

By: _____

David A. Sanchez
Texas Bar No. 24013451
Michael R. Cowen
Texas Bar No. 00795306
Conrad Bodden
Texas Bar No. 00796220

ORIGINAL                    COPY

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2003-10-004911-G

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued thi citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GREGORY HAMMOND
    D/B/A HAMMOND TRUCKING
    1916 UNDERHILL AVE.
    ROANOKE, VA 24014

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of sai county in Brownsville, Texas.  Said _____PETITION_____ was filed on OCTOBER 02, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-10-004911-G.

The style of the case is:

SAMUEL ROBERTO LONGORIA
VS.
GREGORY HAMMOND, D/B/A HAMMOND TRUCKING, AND MELVI

Said petition was filed in said court by _____DAVID A. SANCHEZ_____
(Attorney for _____PLAINTIFF_____ ), whose address is
520 E. LEVEE STREET BROWNSVILLE, TX.  78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according t requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 8th day of OCTOBER , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLER
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____ , Deput

A TRUE COPY I CERTIFY
AURORA DE LA GARZA CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE
BY_____
    DEPUTY

SCANNED
OCT 2 8 2003

**AFFIDAVIT OF SERVICE**

ORIGINAL

**CASE NO. 2003104911G**                                    **COURT: 404**

Clt. Ref.#

SAMUEL ROBERTO LONGORIA

CERTIFIED COPY

VS.

GREGORY HAMMOND, D/B/A  HAMMOND TRUCKING AND MELVIN JEAN COOK

The documents below came to hand for service on 10/10/03    Time: 09:00:0 o'clock.

Documents received for service:

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND,
INTERROGATORIES, PRODUCTION, DISCLOSURE TO
GREGORY HAMMOND**

The documents listed above were executed on 10/15/03

at: 1916 Underhill Avenue
    Roanoke, VA 24014

```
FILED _____ 11:00 _____ O'CLOCK ____ A ___M
AURORA DE LA GARZA DIST. CLERK

        OCT 2 2 2003   F/14

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY
```

the defendant's usual mailing address, by delivering to the within named:

**Hammond, Gregory, D/B/A Hammond Trucking
By Certified Mail 7099 3220 0001 2240 1125**

by certified mail.  Return receipt with signature thereon is attached hereto; each

a true copy of the documents listed above and endorsed on such the date of mailing.

I, am over the age of eighteen, not a party to nor interested in the outcome of the

above numbered suit and am authorized by written order of the court to serve citations

and other notices.

Service Fee $ _____

Eddie M Gonzalez
Professional Civil Process Brownsville
700 Paredes Ave. Suite 208
Brownsville, Texas 78520


STATE OF TEXAS    }

                                                 C

VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are true
and correct.  Given my hand and seal of office on this the 21 day of October ,2003.

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE 11/3/03
BY _____ DEPUTY

_____
NOTARY PUBLIC SIGNATURE

SCANNED
OCT 2 8 2003

JUANITA G. SALDIVAR
MY COMMISSION EXPIRES
February 02, 2005

PCP Inv. # R10030098

Cause No. 2003-10-4911-6

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Anna Hand_          ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
_Vonna Hammel_          10-15-03

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:      ☐ No

*SOUTH ROANOKE STA. ROANOKE VA — USPS — OCT 15 2003*

1. Article Addressed to:

_Gregory Hammond dba
Hammond Trucking
1916 Underhill Ave.
Roanoke, VA 24014_

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)         ☐ Yes

2. Article Number
(Transfer from service label)   _7099 3220 0001 2240 1125_

PS Form 3811, August 2001         Domestic Return Receipt         102595-02-M-1035

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:
_Gregory Hammond dba Hammond Trucking_

Postage        $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees   $  _5.5_

*BROWNSVILLE TX 78521 — DOWNTOWN STATION USPS — OCT 10 2003 — Postmark Here*

Name (Please Print Clearly) (To be completed by mailer)  _Gregory_
_Hammond dba Hammond Trucking_
Street, Apt. No.; or PO Box No.
_1916 Underhill Ave._
City, State, ZIP+4
_Roanoke, VA 24014_

7099 3220 0001 2240 1125

PS Form 3800, July 1999            See Reverse for Instructions

**SCANNED**
OCT 28 2003

Cause No. 2003-10-004911-G

| | | |
|---|---|---|
| SAMUEL ROBERTO LONGORIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 404TH JUDICIAL DISTRICT |
| | § | |
| GREGORY HAMMOND D/B/A | § | |
| HAMMOND TRUCKING, AND | § | CAMERON COUNTY, TEXAS |
| MELVIN JEAN COOK | | |

## DEFENDANT GREGORY HAMMOND D/B/A HAMMOND TRUCKING'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, and DEFENDANT GREGORY HAMMOND D/B/A HAMMOND

TRUCKING and files this his Defendant's Original Answer and respectfully shows the court as

follows:

### I. General Denial

Defendant denies generally every allegation contained in Plaintiff's original petition and

demand strict proof by a preponderance of the credible evidence.

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, DEFENDANT GREGORY HAMMOND

D/B/A HAMMOND TRUCKING, respectfully requests judgment of the court as follows:

1. That the court render a take-nothing judgment against the Plaintiff.

2. That DEFENDANT GREGORY HAMMOND D/B/A HAMMOND TRUCKING

recover judgment against Plaintiff for attorney's fees.

3. That DEFENDANT GREGORY HAMMOND D/B/A HAMMOND TRUCKING

recover all costs together with such other and further relief to which DEFENDANT GREGORY

$\mathcal{D}$

HAMMOND D/B/A HAMMOND TRUCKING may be justly entitled.

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
710 Laurel
McAllen, Texas 78501
(956) 687-8203 Telephone
(956) 630-6570 Facsimile

By: _____

LYNSE S. LARANCE
State Bar No. 24032533
ATTORNEY FOR DEFENDANT
GREGORY HAMMOND D/B/A HAMMOND
TRUCKING

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Original Answer has on the 5th day of November, 2003, been forwarded to all counsel of record in the manner prescribed as follows:

David A. Sanchez
Michael R. Cowen
The Law Office of Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, TX 78520
(VIA CMRRR)

_____
LYNSE S. LARANCE

Cause No. 2003-10-004911-G

| | | |
|---|---|---|
| SAMUEL ROBERTO LONGORIA | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| GREGORY HAMMOND D/B/A | § | 404th JUDICIAL DISTRICT |
| HAMMOND TRUCKING AND | § | |
| MELVIN JEAN COOK | § | |
| Defendants | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

On today's date, defendant, GREGORY HAMMOND D/B/A HAMMOND

TRUCKING, filed the attached notice of removal in the Office of the Clerk of the United

States District Court for the Southern District of Texas, Brownsville Division.

This Court is respectfully requested to proceed no further in this action, unless and

until such time as the action may be remanded by order of the U.S. District Court.

1

E

Respectfully submitted,

SKAGGS & GONZALES, LLP
710 Laurel
McAllen, TX 78501
(956) 687-8203 — Telephone
(956) 630-6570 — Telecopier


By: _____
LYNSE S. LARANCE
Federal I. D. No. 31319
Texas State Bar No. 24032533
**ATTORNEY IN CHARGE
FOR DEFENDANT
GREGORY HAMMOND D/B/A
HAMMOND TRUCKING**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to all counsel of record on this ____ day of November, 2003, to-wit:


David A. Sanchez
Law Office of Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, TX 78520
(VIA CM/RRR)


_____
LYNSE S. LARANCE


2

RUN DATE 11/05/03
RUN TIME 4:27 PM

CERTIFIED COPY

PAGE: 01

2003-10-004911-G

SAMUEL ROBERTO LONGORIA

vs

GREGORY HAMMOND, D/B/A HAMMOND TRUCKING, AND MELVI

*   *   *   *   C L E R K ' S   E N T R I E S   *   *   *   *

00549803
DAVID A. SANCHEZ
520 E. LEVEE STREET
BROWNSVILLE, TX.                    78520 0000

LAW OFFICES
OF MICHAEL R. COWEN

PERSONAL INJURY/AUTO           (01)              10        02      03

                                                                  30.00

10/02/03   ORIGINAL PETITION FILED
10/02/03   JURY FEE: Pd. by DAVID A. SANCHEZ
10/08/03   CITATION: GREGORY HAMMOND
10/08/03   SERVED: 10/15/03   FILED: 10/22/03
10/08/03   CITATION: MELVIN JEAN COOK
10/08/03   SERVED:



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
DEPUTY

F

## LIST OF ALL COUNSEL

The following is a complete list of all counsel who have appeared in this action, including their address and phone number. This list also indicates which attorneys represent the respective parties:

David A. Sanchez, LAW OFFICE OF MICHAEL R. COWEN, P.C., 520 E. Levee Street, Brownsville, Texas 78520, (956) 541-4981, Attorney for Plaintiff.

Lynse S. Larance, SKAGGS & GONZALES, L.L.P., 710 Laurel, McAllen, Texas 78502, (956) 687-8203, Attorney for Defendant Gregory Hammond d/b/a Hammond Trucking.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SAMUEL ROBERTO LONGORIA | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. **B-03-203** |
| GREGORY HAMMOND D/B/A | § | |
| HAMMOND TRUCKING AND | § | |
| MELVIN JEAN COOK | § | |
|     Defendants | § | |
| | § | |
| | § | |
| | § | |

**INDEX OF DOCUMENTS**

1.     Notice of Removal
        A.     Plaintiff's Original Petition
        B.     Citation on Gregory Hammond
        C.     Affidavit for Service on Gregory Hammond with green card
        D.     Defendant's Original Answer
        E.     Defendant's Notice of Filing Removal
        F.     Docket Sheet; and
        G.     List of Counsel
2.     Civil Cover Sheet
3.     Supplement to JS 44 CIVIL COVER SHEET
4.     Filing Fee of $150.00

Respectfully submitted,

SKAGGS & GONZALES, L.L.P.
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8203
Fax (956) 630-6570

LYNSE S. LARANCE
Federal I. D. No. 31319
Texas State Bar No. 24032533
**ATTORNEY IN CHARGE**
**FOR DEFENDANT GREGORY HAMMOND**
**D/B/A  HAMMOND TRUCKING**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered to all counsel of record on this ___ day of November, 2003, to-wit:

David A. Sanchez
Law Office of Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, TX 78520
(VIA CM/RRR)

_____
LYNSE S. LARANCE