IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SAMUEL ROBERTO LONGORIA § | |
| Plaintiff § | |
| § | |
| VS. § | CIVIL ACTION NO. B-03-203 |
| § | |
| GREGORY HAMMOND D/B/A § | (Jury Requested) |
| HAMMOND TRUCKING AND § | |
| MELVIN JEAN COOK § | |
| Defendants § | |
| § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

Response:   The parties met through their counsel, David Sanchez for Plaintiff and Lynse Larance for Defendant, GREGORY HAMMOND D/B/A HAMMOND TRUCKING, via telephone conference on January 6, 2004.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

Response:   The parties are unaware of any cases related to this one that are pending in state or federal court.

3.   Briefly describe what this case is about.

Response:   Plaintiff claims personal injury related to an auto accident.

4.   Specify the allegation of federal jurisdiction.

Response:   The Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332,

because Plaintiff is a citizen of Texas and Defendants are citizens of Virginia, and the amount in controversy exceeds $75,000.

5.  Name the parties who disagree and the reasons.

Response:   No parties disagree as to the jurisdiction of this Court.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Response:   Plaintiff knows of no other parties at this time. Defendant knows of no other parties at this time.

7.  List anticipated interventions.

Response:   None

8.  Describe class-action issues.

Response:   None.

9.  State whether each party represents that it has made the initial disclosures required by rule 26(a). If not, describe the arrangement that have been made to complete the disclosures.

Response:   The parties have agreed to complete their Rule 26(a) disclosures by January 30, 2004.

10. Describe the proposed agreed discovery plan, including:

   A.  Responses to all the matters raised in Rule 26(f).

   Response:   (1) The parties have stipulated that they will complete their disclosures by January 30, 2004. No other changes need to be made in the timing, form, or requirements for disclosure.

   (2) Discovery is needed concerning the issues of liability and damages, and should be completed by August 30, 2004.

   (3) No changes need to be made in the limitations on discovery imposed under the rules.

   (4) No other orders need to be entered by the court at this time.

B.     When and to whom the plaintiff anticipates it may send interrogatories.

Response:     Plaintiff will send interrogatories to Defendant before the close of discovery.

C.     When and to whom the defendant anticipates it may send interrogatories.

Response:     Defendant, Hammond, will send interrogatories to Plaintiff before the close of discovery.

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

Response:     Plaintiff anticipates deposing Defendants and any other fact or expert witnesses identified before the close of discovery.

E.     Of whom and by when the defendant anticipates taking oral depositions.

Response:     Defendant anticipates deposing the Plaintiff and any other fact or expert witnesses identified before the close of discovery.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Response:     Plaintiff will designate experts and provide reports by May 30, 2004.

                Defendant will designate experts and provide reports by June 30, 2004.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response:     Plaintiff anticipates taking the depositions of any and all experts identified by Defendant before the close of discovery.

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Response:     Defendant anticipates taking the depositions of any and all experts identified by Plaintiff before the close of discovery.

11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Response: None

12.  Specify the discovery beyond initial disclosures that has been undertaken to-date.

Response: None

13.  State the date the planned discovery can reasonably be completed.

Response: August 30, 2004.

14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Response: The parties have undertaken initial settlement negotiations and will consider the possibility of mediation.

15.  Describe what each party has done or agreed to do to bring about a prompt resolution.

Response: See answer No. 14.

16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonable and suitable, and state when such a technique may be effectively used in this case.

Response:   If informal settlement negotiations indicate potential success at mediation, the parties will consider mediating these claims.

17.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Response: The parties agree to trial before a magistrate judge.

18.  State whether a jury demand has been made and if it was made on time.

Response:   Yes

19.  Specify the number of hours it will take to present the evidence in this case.

Response:    Plaintiff estimates that it will take approximately 16 hours to present its evidence.
Defendant estimates that it will take approximately 16 hours to present its evidence.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Response:    None.

21. List other motions pending.

Response:    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Response:    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Response:    Plaintiff filed its Disclosure of Interested Parties on November 25, 2003.
Defendant filed its Disclosure of Interested Parties on November 24, 2003.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Response:

David A. Sanchez
State Bar No. 24013451
Federal ID No. 25271
Law Office of Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, TX 78520
Telephone (956) 541-4981
Facsimile   (956) 504-3674
COUNSEL FOR PLAINTIFF

Lynse S. Larance
State Bar No.: 24032533
Federal ID No. 31319
SKAGGS & GONZALES, LLP
710 Laurel
McAllen, Texas 78502
(956) 687-8203 Telephone
(956) 630-6570 Facsimile
COUNSEL FOR DEFENDANT,
GREGORY HAMMOND D/B/A
HAMMOND TRUCKING

_____          1-6-04
Counsel for Plaintiff                    Date

_____          ___1/6/04_____
Counsel for Defendant              Date