UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 1 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| SAMUEL ROBERTO LONGORIA § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. B-03-203 |
| § | (636(c)) |
| GREGORY HAMMOND d/b/a § | |
| HAMMOND TRUCKING § | |
| and § | |
| MELVIN JEAN COOK § | |
| Defendants. | |

### MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion for Enlargement of Time to Serve Defendant Cook (Docket No. 12) and Plaintiff's Motion for Substituted Service on Defendant Cook (Docket No. 13). The Court has considered the two motions as well as Defendant Hammond's response (Docket No. 14). For the following reasons, this Court is of the opinion that both motions should be GRANTED.[1]

### MOTION TO ENLARGE TIME

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a Court shall extend the time for service if the Plaintiff shows good cause why service has not been effectuated during the allotted time period. To establish good cause, a litigant must demonstrate "at least as much as

---

[1] The specific conditions under which those motions have been granted, which are contained herein, should be scrutinized by both parties, but particularly by the Plaintiff, so as to ensure that this order is properly complied with.

1

would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). In addition, the claimant must make a showing of good faith and establish some reasonable basis for noncompliance within the specified time period. *Id.*

The plaintiff, through his various efforts to serve Defendant Cook, has established not only good cause, but also good faith, and a reasonable basis for noncompliance. *See id.* Accordingly, Plaintiff's Motion for Enlargement of Time is GRANTED. Plaintiff will have ninety (90) days from the entry of this order in which to serve Defendant Cook.

## MOTION FOR SUBSTITUTE SERVICE

According to Federal Rule of Civil Procedure 4(e), service may be effected pursuant to the law of the state in which the district court is located. According to Rule 109 of the Texas Rules of Civil Procedure:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due dilligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to dos so, the clerk shall issue citation for such defendant for service by publication.

TEX. R. CIV. P. 109.

The affidavits in support of Plaintiff's motion for substitute service establish that personal service was attempted on a non-resident individual pursuant to Texas Rule of Civil Procedure

108, and that said efforts failed; that Defendant Cook is a transient person who, after due diligence, the Plaintiff has been unable to locate; and furthermore, that attempts to serve Cook via the Texas Department of Transportation have also failed. Accordingly, the content of the affidavits more than meets the minimum requirements to establish eligibility for service by publication under Rule 109. *See Wood v. Brown* 819 S.W.2d 799, 800 (Tex.1991). However, it is still the duty of this Court to inquire into the sufficiency of the diligence exercised in attempting to ascertain the whereabouts of the defendant and in attempting to obtain service of nonresident notice. *See* TEX. R. CIV. P. 109. Having undertaken said inquiry, the Court finds that the Plaintiff –as well as his agents and attorneys– have demonstrated due diligence. The Court therefore finds that service by publication is authorized in this case.

Although, as stated above, service by publication is authorized in this case, according to Rule 109a of the Texas Rules of Civil Procedure, when service by publication is authorized, the Court may, on motion, prescribe a different method of substituted service if it is as likely as publication to give defendant actual notice. The Plaintiff's motion for Substituted Service is based on Rule 109a. *See* Docket No 13. However, in this case, the Court is not of the opinion that any other form of substituted service would be as likely as publication to give Defendant actual notice. Therefore, service by publication should be effectuated pursuant to the applicable Texas Rules of Civil Procedure. In addition, Plaintiff is required to establish definitively in this Court that service by publication has been effectuated. *See U.S. v. Moore*, 2000 WL 33993305 (S.D.Tex. July 25, 2000). Accordingly, Plaintiff's Motion for Substituted Service on Defendant Cook (Docket No. 13) is GRANTED according to the conditions set out above.

IT IS SO ORDERED.

DONE at Brownsville, Texas, this \_\_10TH\_\_ day of May, 2004.

*Felix Recio*
Felix Recio
United States Magistrate Judge